IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **DARREL RIVIERE,**<br>　　　　　Petitioner,<br><br>　　　　　v.<br><br>**UNITED STATES OF AMERICA,**<br>　　　　　Respondent.<br>_____ | ) **D.C. CV. No. 2000-116**<br>) **D.C. CV. NO. 2005-042**<br>) Ref: D.C. CR. NO. 1989-041<br>)　　　　 D.C. CR. NO. 1989-133<br>)　　　　 D.C. CR. NO. 1996-077-02<br>)　　　　 D.C. CV. NO. 1998-250<br>)　　　　 3D CIR. NO. 07-3028<br>)　　　　 3D CIR. NO. 07-4252<br>)　　　　 3D CIR. NO. 10-1961<br>　　　　 3D CIR. NO. 11-2658 |

## O R D E R

This matter initially came before the Court on Petitioner Darrel Riviere's ("Riviere") *pro se* motion to extend the time within which to file a notice of appeal from the May 8, 2007 denial of his Rule 60(b)(6) motion.[1]  Riviere alleges that he did not receive notice of the Court's May 8, 2007 denial of his Rule 60(b)(6) motion until October 10, 2007.  The Court denied Riviere's

---

[1]　　　In the Order dated May 8, 2007, the Court:  1) denied Riviere's May 13, 2002 Motion for Reconsideration under Federal Rule of Civil Procedure, Rule 59; 2) denied his December 9, 2002 Motion for Certification of entry of Judgment on claims one (1) through seven (7) and nine (9) through eleven (11) of his § 2255 motion; 3) denied his August 30, 2004 motion for permission to supplement or amend his "pending" motion under 28 U.S.C. § 2255 as a second or successive § 2255 motion filed without authorization from the Court of Appeals; 4) denied Riviere's September 20, 2004  motion for permission to supplement or amend claim XI of his "pending" motion under 28 U.S.C. § 2255 as a second or successive § 2255 motion filed without authorization from the Court of Appeals; 5) denied Riviere's motion pursuant to Rule 60(b)(6) to reinstate his case; 6) denied his motion pursuant to FED. R. CIV. P. 15 to amend his Rule 60(b) motion and take judicial notice of FED. R. EVID. 201(d) and (e); 7) granted Riviere's October 13, 2006 motion requesting notification on status of, or adjudication on his Rule 60(b) motion; 8) denied Riviere's December 20, 2006 motion requesting judicial notice of adjudicated facts and to be heard; and 9) denied Riviere's request for a certificate of appealability pursuant to 28 U.S.C. § 2253.

*Riviere v. USA*
D.C. CV. No. 2000-116
D.C. CV. No. 2005-042
Order
Page 2

motion to reopen the time to file a notice of appeal as untimely

and he appealed.   On appeal, the Court of Appeals for the Third

Circuit ("Court of Appeals") held:

> The orders of the District Court denying Appellant's
> motion under Fed. R. App. P. 4(a)(6) and denying his
> motion of reconsideration are vacated.   Under the
> revision of the Federal Rules of Appellate Procedure in
> effect during 2007, Appellant was required to file his
> 4(a)(6) motion "within 180 days after the judgment or
> order is entered or within 7 days after [he] receive[d]
> notice under Federal Rule of Civil Procedure 77(d) of the
> entry, whichever is earlier."   Calculation of this time
> period required the exclusion of "intermediate Saturdays,
> Sundays, and legal holidays."   Fed. R. App. P. 26(a)(2)
> (2007).    We  agree  with  Appellant  that,  under  the
> "Prisoner Mailbox Rule" established in *Houston v. Lack*,
> 487 U.S. 266, 276 (1988), the period between his October
> 10, 2007, receipt of notice and his October 19, 2007,
> filing of his motion to reopen time to appeal is within
> the prescribed window.   On remand, the District Court
> should consider the additional factors of Fed. R. App. P.
> 4(a)(6) in determining whether to grant the motion.   The
> request  for  a  certificate  of  appealability  under  28
> U.S.C. § 2253(c) is denied as unnecessary.

*Riviere v. United States*, C.A. No. 10-3371 (3d Cir. Nov. 22, 2010).

This matter is now before the Court on remand from the Court

of Appeals with instructions to "consider the additional factors of

Fed. R. App. P. 4(a)(6) in determining whether to grant the motion"

to reopen the time to file a notice of appeal.   (*Id.* at 2.)

Federal Rule of Appellate Procedure 4 ("Rule 4") provides in

relevant part that:

> The district court may reopen the time to file an appeal
> for a period of 14 days after the date when its order to
> reopen  is  entered,  but  only  if  all  the  following

*Riviere v. USA*
D.C. CV. No. 2000-116
D.C. CV. No. 2005-042
Order
Page 3

conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6) (2007). "Fed. R. App. P. 4(a)(6) provides a mechanism for granting an extension of time when a party would be unfairly deprived of an appeal because of the failure of a court clerk." *Marcangelo v. Boardwalk Regency,* 47 F.3d 88, 90 (3d Cir. 1995).

For purposes of this motion, the Court will accept Riviere's assertion that he received notice of the May 8, 2007 Order on October 10, 2007 and also that he delivered his request to reopen the time to file a notice of appeal to prison officials on the date reflected on the notice, October 19, 2007. Excluding weekends and legal holidays from the seven-day computation, the October 19, 2007 request to reopen the time to file a notice of appeal is timely. Riviere has, therefore, met the first two prongs of Rule 4(a)(6).

With regard to the third prong, the Court notes that "[a]

*Riviere v. USA*
D.C. CV. No. 2000-116
Order
Page 4

party is prejudiced where it suffers 'some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal.'" Fed. R. App. P. 4, Committee Note to 1991 amendment. Here, the Court is unaware of any factors which would suggest that the government would be prejudiced by reopening the period for Riviere to file an appeal. The Court will thus grant Riviere's motion to reopen the time to file an appeal.

The premises considered, it is hereby

**ORDERED** that Riviere's request to reopen the time to file a notice of appeal from the May 8, 2007 denial of his Rule 60(b)(6) motion pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure is **GRANTED**; and it is further

**ORDERED** that if Riviere wishes to file a notice of appeal of the Court's May 8, 2007 Order, he shall do so within fourteen (14) days after entry of this Order; and finally, it is

**ORDERED** that the Clerk of Court shall, on the date of entry of this Order, send Riviere a copy of this Order by U.S. Postal Service Express Mail.

**E N T E R :**

**/s/**
_____
**CURTIS V. GÓMEZ**
**CHIEF JUDGE**

*Riviere v. USA*
D.C. CV. No. 2000-116
D.C. CV. No. 2005-042
Order
Page 5

**Copies to:**

     Magistrate George W. Cannon, Jr.
     United States Attorney's Office
     Darrel Riviere, Reg. No. 39155-066, Federal Correctional Institution Williamsburg, P.O. Box 340, Salters, SC 29590 (Please Mark: "LEGAL MAIL: OPEN IN PRESENCE OF INMATE ONLY")
     Motions Attorney, Court of Appeals for the Third Circuit